IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORFORCE, LLC, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 20 C 1220 |
| AUTOMOBILE MECHANICS' UNION LOCAL NO. 701, IAMAW, AFL-CIO, | ) ) Judge Virginia M. Kendall ) ) ) |
| *Defendant.* | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Laborforce, LLC ("Laborforce") seeks to vacate an arbitration award (the "Award") issued by Arbitrator Steven M. Bierig (the "Arbitrator") on the basis that the Arbitrator exceeded the scope of his authority. Defendant Automobile Mechanics' Union Local No. 701, IAMAW, AFL-CIO ("Local 701") moves to dismiss Laborforce's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion to Dismiss is granted.

**BACKGROUND**

The following factual allegations are taken from Laborforce's First Amended Complaint (Dkt. 36) and are assumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Laborforce is a company which leases employees to truck dealerships in the Chicago area and Local 701 is a labor organization representing or acting for approximately 140 Laborforce employees. (Dkt. 36 ¶¶ 3–4). Laborforce and Local

1

701 are parties to a Collective Bargaining Agreement (the "CBA") which was effective February 3, 2019 through September 30, 2020. (Dkt. 36 ¶¶ 5, 7). On August 6, 2018, Local 701 filed a grievance (the "Grievance") alleging that Joe Giordano, a non-bargaining unit employee, was permitted to perform bargaining unit employee work. (Dkt. 36 ¶ 6). Laborforce assumed any obligations arising from the Grievance when it became party to the CBA on February 3, 2019. (Dkt. 36 ¶ 8).

On October 16, 2019, the Grievance was submitted to arbitration before Arbitrator Steven M. Bierig (the "Arbitrator"). (Dkt. 36 ¶ 2, 9). On January 28, 2020, the Arbitrator issued the Award which is the subject of the First Amended Complaint. (Dkt. 36 ¶ 2). The Arbitrator found:

> [T]he Assistant Service Manager for the 2nd shift is effectively the same as the Foreman position and therefore, based on the language of the [CBA], must be in the Bargaining Unit. Therefore, I find that [Laborforce] violated the [CBA] when it improperly designated the 2nd shift Assistant Service Manager as a non-Bargaining Unit employee.

(Dkt. 36 ¶ 10).

Laborforce filed the present action to vacate the Award on February 19, 2020. (Dkt. 1). Local 701 filed a motion to dismiss the initial complaint under Rule 12(b)(6), which the Court granted on September 29, 2020. (Dkt. 31). Laborforce filed the operative First Amended Complaint on December 2, 2020. (Dkt. 36). In its second bite at the apple, Laborforce alleges the Arbitrator exceeded the scope of his authority by relying upon language outside the CBA in arriving at his decision. (Dkt. 36 ¶ 21). Local 701 once again moves to dismiss the First Amended Complaint under Rule 12(b)(6) for failure to state a claim. (Dkt. 38).

2

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the complaint's factual allegations as true and draws all permissible inferences in Plaintiff's favor. *Schumacher*, 844 F.3d at 675 (quoting *Iqbal*, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Seventh Circuit interprets this plausibility standard to mean that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Schumacher*, 844 F.3d 676 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Iqbal*, 556 U.S. at 678)).

## DISCUSSION

Courts are extremely reluctant to disturb arbitral awards and accord the arbitrator's decision extreme deference. *Ameren Ill. Co. v. Int'l Brotherhood of Electrical Workers*, 906 F.3d 612, 616–17 (7th Cir. 2018). An arbitral award is legitimate provided it "draws its essence from the collective bargaining agreement." *United States Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987). Courts are limited to evaluating whether the arbitrator "exceeded the scope of his submission," not whether the arbitrator made a factual or legal error. *United Steelworkers of Am. v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597 (1960); *see also Misco*, 484 U.S. at 36. This standard of review is rooted in a respect for the role of the arbitrator and a reluctance to transform arbitration into "just the first of a series of steps that always culminate[s] in court litigation." *Butler Mfg. Co. v. United Steelworkers of Am., AFL-CIO-CLC*, 336 F.3d 629, 632 (7th Cir. 2003); *see also Ameren*, 906 F.3d at 616–17.

Laborforce marshals two related arguments to challenge the Award. First, that the Arbitrator's interpretation of the CBA is contrary to the language of the contract. Alone, this amounts to nothing more than Laborforce's view that the Arbitrator interpreted the CBA incorrectly. "A court's role in reviewing a labor arbitration award is 'very limited.'" *Ameren*, 906 F.3d at 616 (quoting *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567 (1960)). An arbitrator's interpretation which "draws its essence from the collective bargaining agreement" will stand even if it is an incorrect interpretation of the agreement. *Dexter Axel Co.*

4

*v. Int'l Ass'n of Machinists & Aerospace Workers*, 418 F.3d 762, 770 (7th Cir. 2005) (quoting *Enterprise Wheel*, 363 U.S. at 597 (1960)); *see also Ethyl Corp. v. Local 7441, United Steelworkers of Am.*, 768 F.2d 180, 184 (7th Cir. 1985). Laborforce acknowledges the Arbitrator cited the CBA in rendering his decision, which is consistent with the Award, both attached to the First Amended Complaint as an exhibit and incorporated by reference. (Dkt. 36 ¶ 17) ("[T]he Arbitrator cited to Article 1 – Recognition Clause and Article 10 – Job Classifications of the [CBA] as his basis for entering his Award[.]"); (Dkt. 36-1 at 18–19) (looking to Article 1(a) and Article 10(b) of the CBA). Laborforce's contention that the Arbitrator interpreted the CBA incorrectly is insufficient to state a claim.

Second, Laborforce argues the Arbitrator's incorrect interpretation of the CBA arose from improper reliance upon language from the Alsip Collective Bargaining Agreement (the "Alsip Contract"). (Dkt. 36 ¶¶ 18–19, 21). Laborforce's assertion that the Arbitrator "legislated language" from the Alsip Contract is contradicted by the very facts upon which Laborforce relies; namely, the text of the Award. In the Statement of Facts, the Arbitrator summarized the testimony of George LaJeunesse, Laborforce's Human Resources Manager, regarding the contents of the Alsip Contract. (Dkt. 36-1 at 11). The Arbitrator also described Laborforce's position regarding the import of the Alsip Contract; specifically, as evidence the CBA did not prohibit a non-bargaining unit member from performing bargaining unit work. (Dkt. 36-1 at 13–14; 17–18). Finally, the Arbitrator found:

> [T]he Alsip contract between the parties . . . does not control the instant case. My jurisdiction and authority over the instant matter is limited to

5

> the [CBA] which is the subject of the instant Grievance. The Alsip contract, while involving the same parties, relates to a different facility with different needs and requirements. Thus, I do not find that the language of [the Alsip Contract] controls the instant case.

(Dkt. 36-1 at 20). The Arbitrator expressly disavowed reliance upon the language of the Alsip Contract in the text of the Award itself and Laborforce pleads no facts which overcome this evidence. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004) ("[The Seventh Circuit] has long held that, when a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint.").

Because Laborforce failed to plead sufficient facts to show the Arbitrator exceeded his authority, the First Amended Complaint is dismissed under Rule 12(b)(6).

## CONCLUSION

Plaintiffs did not cure the defects identified in the September 29, 2020, Order granting dismissal (Dkt. 31) with the First Amended Complaint making this their second failed attempt to state a claim. For the reasons stated above, Defendant's Motion to Dismiss (Dkt. 38) is granted with prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: April 2, 2021

6